Good morning. Good morning, Counsel. May it please the Court, my name is Mary Pogalis. I am here to argue for Terrell Cross' right to a decision on the merits in his federal habeas petition. The right was cut off when the district court dismissed his petition as untimely. There are essentially two legal issues and two points in time that are dispositive of the matter. Each is and should be squarely resolved in Mr. Cross' favor. The first legal issue is whether his first habeas petition, state habeas petition, filed with the California Supreme Court was properly filed. The second question is whether or not during his second round of state habeas litigation that entire period was a period of pending habeas litigation that would be told. Now, you mentioned second round. I've always assumed that the petitioner is only entitled to exhaustion of one round. Is there any authority for the proposition that the federal habeas petitioner can keep pursuing rights with respect to the same claim indefinitely? How many rounds is he entitled to, as you look at our state of the law now under AEDPA? Well, first, the second round here did not litigate the same issues. The second round raised many, several different issues, evidentiary issues, cross-examination issues. The first petition raised only ineffective assistance of counsel, which is the reason why Mr. Cross returned with a second round, because there were several issues that had not been exhausted in the State court. And there was a federal requirement that they be exhausted before he can proceed. And as far as whether more than one round is allowed, it certainly is. There are several Ninth Circuit cases that arise in exactly that context. In addition, in Gaston v. Palmer, which was the case cited by this Court in its certificate of appealability, the Ninth Circuit specifically held, I'm sorry, not Gaston, in Chavez v. Lamarck, the Ninth Circuit specifically held, and I quote, we first told that Chavez is entitled to tolling while his second round of state petitions was pending. And second rounds appear in several of these cases, which is, of course, one of the reasons why the timeliness gets litigated. The restriction on a State petitioner is that he is not allowed to toll the time between the rounds. He loses that. Now, that which means a whole year could be gone pretty quickly if multiple petitions were filed. It also is up to the California State court to decide whether a second round or any other successive round is untimely because the issue should have been raised the first time or because it's litigating the same issues. Some of these cases arise in the context, well, many of them, they go anywhere from like four and a half years up to 14 years before a matter comes before the Federal court. Those are egregious situations where multiple petitions were filed, but often never going past the superior court. So there wasn't a round. There were just repeated, initiated petitions at the trial court level. So, no, it's week. Scalia, then, that his ineffective assistance claim, which was the first round, is barred? The second time? Well, I don't know that it would be. I'm sorry. I'm talking about the first round. The first round ended, did it not, in 2006? Yes, July of 2006. Okay. And the filing was on July 31st, 07? The Federal filing. The Federal filing. Yes, but there was a new ‑‑ there was a second round begun in State court. I realize that. Okay. But my question to you is, in trying to sort out this first round, second round argument that you're making, doesn't ‑‑ I guess I'm not persuaded yet that you can kind of tack on, in your second round, what you were focusing on in the first round. It seems to me that if you had a claim with respect to ineffective assistance of counsel, and you did indeed exhaust it, you should have filed your Federal petition within the one year of your exhausting that claim, no? Well, there's no authority for that proposition. And, in fact, the authorities that I've cited in my briefs, in that particular case, were talking about whether a second round is allowed and whether the tolling is done there. And the California Supreme Court, properly filed even in the language of AEDPA, doesn't say one round or a first round or one circuit. It talks about any timely filed habeas petition. And the California courts heard the second round. They accepted it as valid. They ‑‑ it was litigated all the way through the California Supreme Court. But there was ‑‑ the State never objected that there was anything not appropriate about that. And I'm looking to see here the first ‑‑ let's see here. The first ‑‑ wasn't the first round determined by the California State authorities as being insufficiently pleaded? Well, that's also true. So basically, as the Ninth Circuit has held, that was like a demur, which authorized him to go back and flesh it out. Why didn't he flesh it out in his second complaint? Well, I think he did. He included that in the second one, but added additional issues also. So, yes, that is also ‑‑ that's a very excellent point. And my conclusion would be that the amended IAC claim in the second petition started tolling on that claim also when that was filed. On that claim. But as to the additional claims, it started afresh with the second round. It had not been litigated before and had to be litigated in order to exhaust the State remedies before Mr. Cross could come to Federal court. He would have been barred in Federal court had he not litigated those issues fully. The State court has a right to hear them and decide them before they show up in Federal court. Counsel, are you familiar with the case of Welsh v. Carey? Oh, yes. This is the Ninth Circuit case? Yes. Well, Judge Trott, writing for an embanked court, says, tolling accommodates effort, not inaction. The Supreme Court construed statutory tolling in the context of California law to allow one full round, not two full rounds. What do we do with that? Well, I know that that's what it says, but first it's dicta. It's not accurate as a statement of what the United States Supreme Court held. That is not what the Supreme Court held in Carey v. Saffold. I think that the Ninth Circuit in that case was pretty distressed because they were looking at a case that had lingered for 14 years before it got to the Federal court. It was a extreme situation. But I would point out a couple things. First of all, Welsh is a Ninth Circuit case. It's not a Supreme Court case, and it dates back to 2003. Gaston, which is a Ninth Circuit case, specifically allows a second round and discusses the fact that the statute is tolled during a full second round in State court. But Welsh is an embanked case. I'm sorry? Wasn't Welsh an embanked case? Or not? Well, let me take a quick look. It was. Gaston went to the particular ---- A subsequent case can't overrule a prior embanked case, can it? Then let me point out that the United States ---- It very well be that many of our cases in this area are in tension. That wouldn't surprise me. But I'm not quite sure how that helps your argument. Well, as I've said, Gaston, which came later, specifically addresses a second round and clearly legitimizes and authorizes it. And the U.S. Supreme Court, in its review in Gaston, explicitly said the Ninth Circuit lets, you know, pending in a second round happen. We're not going to address that. You know, it looks like I have half a minute left. So let me reserve some time. You may reserve. Thank you. You may reserve, counsel. We'll hear from the State. May it please the Court, Dorian Jung, appearing for Respondent Sisto. I would like to first address the issue of whether or not appellant is entitled or petitioner is entitled to gap tolling during the second full round of collateral proceedings in the State Court. Does the State have any views on this one round, two rounds issue? Very much so, Your Honor. We urge the Court to follow its previous holding in Welch v. Kerry and to hold that a defendant is entitled to gap tolling for one full round, but not two full rounds or any more, of State collateral proceedings. Now, there does seem to be some confusion, especially in respondents or in appellant's pleadings, regarding whether or not a defendant is entitled to tolling during the pendency of a petition filed in the second round and whether or not he's entitled to gap tolling. Now, clearly, it's very true that in a second round or a third round in further collateral proceedings in the State Court, the petitioner is entitled to tolling for the pendency of that petition. It doesn't mean that he's entitled to gap tolling or interval tolling. That's a crucial distinction. Now, appellant cites Chavez v. Lamarck for the proposition that a defendant or a petitioner is entitled to gap tolling during a second round or multiple rounds of collateral proceedings. But even without gap tolling, as I counted it, the period totals 335 days, so it's less than 365 days. Well, I would dispute that, Your Honor. First of all, we dispute the fact that he's entitled to gap tolling during any of the second round of proceedings, and we. Did he amend his ineffective assistance of counsel claim and include it in the second round petition? He did. All right. And isn't that exactly what the Supreme Court meant by citing Henry Swain, that the first petition was insufficiently pleaded? In effect, a general demur, as we used to say in State practice. Your Honor, there. Isn't that exactly what the Court said? You didn't plead it sufficiently, so all right, I'll plead it sufficiently and add a bunch of other claims. But why shouldn't he have tolling when he pleads it sufficiently? Because it's not properly filed at that point. It's not properly filed? Why isn't it properly filed? If a complaint is filed, let's talk about civil complaint, complaint is filed within the statute of limitations, a demur is upheld with leave to amend. The amended complaint is filed after the two-year statute in a personal injury case. The amended complaint relates back to the time, the filing of the original complaint, right? It's properly filed. That's not applicable in this case, Your Honor. Why is it? Swain flags an untimeliness issue. But that aspect of Swain, I guess the confusion arises because Gaston was amended and altered in ways that are not entirely clear about. But the first opinion in Gaston very clearly holds that Swain is about a demur and not about timeliness. So I'm not sure whether the amended Gaston gets rid of that, but even if it did, why isn't that correct as an interpretation of Swain? There are five other Ninth Circuit cases, Your Honor, which clearly state that Swain is a timeliness bar. The language of Swain itself talks about the petitioner's failure to explain his untimeliness in his petition. And conversely, we have Gaston, which was vacated, and the applicable language which coincides out of the 417, the volume of Gaston. Well, it's unclear whether it's vacated. It says it's being amended, so it's a little bit. That's why I say it seems quite murky to me as to what it means. But I would also appreciate your addressing the case that counsel cited to us in her 28J letter, the Banjo v. Ayers case. Having looked at Banjo v. Ayers, it appears to me that there's nothing remarkable or distinct about Banjo v. Ayers. There's nothing that it states on the issue of tolling or gap tolling, which is new or remarkable to this Court's jurisprudence. In fact, it seems to endorse the concept that a defendant is entitled to one full round, a gap tolling in that full round. Now, obviously, the Court seems to have endorsed the proposition that a defendant is entitled to a continuous gap tolling in the course of litigation. In that situation, essentially, there would be nothing. There would be one continuous, never-ending round, and he would be entitled to gap tolling at all relevant times. But Kerry v. Sappold makes it clear that that's not a correct reading of how gap tolling works. Gap tolling is supposed to imply to the gaps when a defendant proceeds up the ladder of the appellate court system, going from superior court to appellate court to Supreme Court, which is what he's entitled to. He's entitled to one full round of that. He's not entitled to more than that. And by going backwards down the ladder again, he went to the court. If you're wrong about what swain means, does that mean that Judge Baye's construct and counting are correct? Absolutely not, Your Honor. Because even if we assume, for the purposes of argument, that swain is inapplicable and that he's still entitled to one full round of gap tolling, his time to receive gap tolling still ends with the California Supreme Court's denial, the first denial of his habeas petition. After that, he's only entitled to tolling for dependency of any subsequently filed petitions. We agree that he's entitled to that, but he's not entitled to gap tolling during those subsequent petitions. Welch, Carey make this very clear. Now, appellant attempts to cite Chavis v. Lamarck for the proposition that this court has endorsed gap tolling for multiple rounds of state collateral proceedings, and that's simply not the case. First of all, Chavis v. Lamarck has been overruled in a subsequent Supreme Court case. And second of all, Chavis v. Lamarck really only addresses the state's claim that an improperly filed petition is not considered pending and cannot toll, even for the pendency of a subsequently filed petition. We agree that he's entitled to tolling for the pendency of subsequent petitions after the one complete round, but he is not entitled to gap tolling, and that's the crucial difference. Now, even assuming that he's entitled to gap tolling for one complete round and that he's entitled for tolling for every other subsequently for the pendency of every subsequently filed petition, he's still untimely by something like three months. This leads me to the claim of equitable tolling. Now, appellant has claimed that he's entitled to equitable tolling because he did not know the date of the California Supreme Court's first denial of his habeas petition. Now, we know that's patently false because in one of his Superior Court pleadings he actually stated the date at which the Supreme Court denied his claim. And we know, or he knows, that it's the correct date, January 12, 2005. Now, he's attempted to change the story in the Court of Appeal before this Court to say that, in fact, July of 2005 was the first time he found out the correct date of the California Supreme Court's denial. But he simply can't get his story straight. That's not even what he said in his first petition, and even his excerpts of record contain his first claim, which is that he never knew the date of the first denial of his petition and that he only found out because the state filed it in its pleadings. One of the most basic prerequisites of an equitable tolling claim is that it be true or accurate, and an appellant can't even meet that minimal standard. So we therefore urge the Court to deny any claim of equitable tolling. I'm happy to answer any further questions. Otherwise, I would submit. No questions. Thank you, counsel. Thank you. Ms. McGillis, you have a little bit of rebuttal time. Good. And I'll make it quick. Given Your Honor's concern about Welsh v. Carey, I want to go back to Carey v. Saffold, which is the U.S. Supreme Court case that the Ninth Circuit was referring to in that language in Welsh, which I would argue was dicta and misinterpreted it. So I just would like to point out and read the language from the U.S. Supreme Court decision in Carey v. Saffold at page 220. A Federal habeas petitioner must exhaust State remedies before he can obtain Federal habeas relief. The statute makes clear that a Federal petitioner has not exhausted those remedies as long as he maintains the right under the law of the State to raise in that State by any available procedure the question presented. We have interpreted this latter provision to require the Federal habeas petitioner to invoke one complete round of the State's established appellate review. This is all in the context of giving State courts the first opportunity to review the claim, to correct any violations, and to promote the exhaustion of remedy and comity between the two jurisdictions. That's the rationale behind it. It is not a limitation that you can only have one full round. It requires a complete round before you can go to Federal court. But it does not restrict it to one. And I would then just point out in Chavez v. Lamarck, which is still valid on this point, the Ninth Circuit has held that a petitioner is entitled to tolling within the second round while it's pending. I think that settles that question. What about the passage on page 222 of the U.S. reports that says it modifies the one-year filing rule that prevents prisoners from delaying their Federal filing in order to give States the opportunity to complete one full round of review free of Federal interference? That's exactly what I'm saying. A petitioner is required to give the State courts start to finish a round to address it. It's not limited to that. The petitioner is not limited to that. He's required to do at least that. All right. We understand. Thank you very much, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Bea